IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **KENNETH WADE LYNCH,** | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil No. 7:09-CV-127-O |
| v. | § | |
| | § | |
| | § | |
| **DEBIT, ATM and DIRECT EXPRESS** | § | |
| Defendants. | § | |
| | § | |

## FINDINGS AND RECOMMENDATIONS

After reviewing Plaintiff's Complaint, I find that a hearings of the Motions to Appoint Counsel and for Speedy Trial, and the conducting of further proceedings in the case are unnecessary.

Plaintiff's Complaint is an inarticulate rambling, but from repeated readings, I have gleaned that the gravamen of Plaintiff's Complaint is that someone with his Direct Express Debit Card (issued to him under a Social Security Administration sponsored program) used the card at one or more ATMs to steal funds credited to his account. The funds in his account were deposited there monthly by the Social Security Administration as a method of payment of his monthly disability benefit. Because of that theft of his funds (his Social Security monthly benefit payments), he seeks recovery of $50,000,000.00 from "Debit" and $50,000,000.00 from "ATM."

The terms Debit and ATM are merely names on inanimate objects and are not properly named as defendants. To the extent Plaintiff seeks recovery from Debit or ATM, his complaint should be dismissed without prejudice.

However, on the second page of his Complaint Plaintiff also names "Direct Express" as an entity, apparently as a defendant. The name "Direct Express" is the service mark of the U. S. Department of the Treasury, Financial Management which selected Comerica Bank as its financial agent to issue debit cards to federal beneficiaries. Comerica Bank issues Direct Express Debit MasterCards pursuant to a license by MasterCard International Incorporated. These debit cards with their associated accounts provide an option for federal beneficiaries (those receiving Social Security or Supplemental Security Income benefits) who do not have a bank account, to obtain their benefit payments by a no-cost alternative to using check cashing facilities to cash a check, thereby avoiding carrying around large amounts of cash. The debit card holder may use the card at ATMs located at convenient facilities to periodically draw cash from an account associated with the card, which account holds the benefit funds. Importantly also, these debit cards, as compared to benefit checks, also afford the Department of the Treasury ease and cost

savings (up to an estimated $48,000,000.00 per year) in making the benefit payments. [1]

So, it appears that Plaintiff seeks recovery from the entity that handled his account that was associated with his debit card, to-wit: Comerica Bank, the issuer of his Direct Express Debit MasterCard.[2]  Comerica Bank is based in Dallas, Texas.  Therefore Plaintiff's suit appears to be against a resident of Plaintiff's own state.  Therefore, diversity jurisdiction is not present.

No federal question has been raised and diversity jurisdiction is not present.  The complaint should be dismissed without prejudice pursuant to 28 U.S.C. §1915 (e)(1)(B)(ii) and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As to the issue of appointment of counsel, I find that appointment of counsel will not cure the jurisdictional and pleading deficiencies of Plaintiff's Complaint. There is no automatic right to the appointment of counsel in a civil rights action filed by a litigant proceeding *in forma pauperis*.  *E.g., Hulsey v. State of Tex.*, 929 F.2d 168, 172 (5th Cir. 1991); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982).  No constitutional right to appointment of counsel exists in civil cases, even civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'"  exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)).  Therefore, at the very least, before considering whether the assistance of counsel would benefit the plaintiff and/or the court by applying the Fifth Circuit's four *Jackson* criteria, at the very least the court should require that the petitioner to allege a colorable claim. In this case, the Plaintiff has not even alleged a "colorable claim."

Accordingly, I  recommend to the District Court that appointment of counsel be denied and that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U. S. C. § 1915 (e)(1)(B)(ii), and Rules 12(b)(1) and 12(b)(6) and that the Court include a warning about sanctions for frivolous filings.

It is so FOUND and RECOMMENDED, this 25th day of August, 2009.

*Robert K. Roach* (signature)
**Robert K. Roach**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] From The Financial Connection, a Publication of the Financial Management Service, a Bureau of the United States Department of the Treasury, dated Tuesday February 05, 2008, http://www.fms,treas.gov/finconn/jan-article3b.html (Copy attached).

[2] The Treasury also originally engaged Chase Bank to issue the debit cards in the Chicago area on a test basis.

<u>Standard Instruction to Litigants</u>

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

# FINANCIAL MANAGEMENT SERVICE
A Bureau of the United States Department of the Treasury
fms.treas.gov

**Publications**

Home   FAQ's   Calendar   Publications   Programs   About FMS   A-Z Index   Web Site Navigation Help

Find: [        ] Search    Advanced Search ▶ Tools: RSS XML | Subscribe | Contact FMS

- Overview: "Financial Connection"
- News Update
- Current Issue
- Back Issues
- Subscribe Free



## Treasury Announces Direct Express Debit Card for SSA and SSI Recipients

Page 1 | 2 Next

**By Pamela Jordan, EFT Strategy Division**

The Department of the Treasury's Financial Management Service (FMS) is poised to launch a new debit card program in Spring 2008 with a national rollout to be completed by the end of summer. FMS selected Comerica Bank as its financial agent to issue the debit cards to Social Security Administration (SSA) and Supplemental Security Income (SSI) recipients. Treasury plans to expand the program to include additional benefit payments in the future. The Direct Express card will offer social security beneficiaries the opportunity to receive their payments electronically even if they do not have a bank account. Cardholders will have 24/7 access to their money at automated teller machines (ATMs) and will be able to make purchases at any retailer that accepts Mastercard. Cardholders can access their account information by telephone and internet, make purchases over the internet, and receive cash back with no fee at retail locations.

FMS selected Comerica Bank as its financial agent to issue Direct Express cards due in part to its years of experience with prepaid card services for state government benefit recipients. Based in Dallas, Texas, Comerica Bank is among the 20 largest banking companies with locations in 7 of the largest 11 cities. Teaming with Comerica Bank is ACS State and Local Government, Inc., a wholly owned subsidiary of Affiliated Computer Services, Inc. (ACS), who will process the MasterCard branded cards.

Debit cards eliminate the cost of cashing a check and are a safe and reliable means of receiving a payment. The Federal Reserve Bank (FRB) 2005 payments study published in the Spring 2005 Federal Reserve Bulletin titled, "Trends in the Use of Payment Instruments in the United States," validated the growing popularity of debit cards. According to the study, "Among electronic payments, debit card transactions grew the most in terms of number, from 8.3 billion in 2000 to 15.6 billion in 2003. The growth in debit card payments accounted for more than half the growth in electronic payments over the period." The goal is to reach all Federal check recipients with the Direct Express debit card. By converting every unbanked Federal check recipient, Treasury estimates savings of $48 million annually, making

Direct Express a more efficient payment option for Treasury than checks, which cost $.88 more to issue.

During 2007, FMS sponsored a one-year debit card pilot with its financial agent, JP Morgan Chase (Chase), to SSA and SSI recipients in Chicago and rural Illinois. In the pilot, as will be the case in the national rollout, Treasury incurred no bank fees beyond the costs to make the ACH payment to the bank to fund the card, except for minimal Treasury costs such as for direct mail, materials and other marketing. The average cost to beneficiaries to obtain cash using the Direct Express card during the pilot was $3.87 and the average cost to use the debit card was $5.27 but it is expected that with lower cardholder fees offered by Comerica Bank and a comprehensive education campaign on how to avoid fees, these average costs should decline dramatically. In contrast, SSA and SSI recipients, on average, pay approximately $6.00 to cash their checks, while some pay $20.00 or more according to research recently conducted by FMS.

Page 1 | 2 Next

Viewing PDF files requires the free Acrobat Reader.

You can sign up for your free subscription to The Financial Connection here.

Last Updated: Tuesday February 05, 2008

Download Adobe Acrobat Reader
Download Microsoft Excel Viewer, PowerPoint Viewer and Word Viewer

| Accessibility<br>Privacy Policy | Web Site Inventory &<br>Publication Schedule | E-Government<br>Economic Recovery | Freedom of<br>Information Act | Information<br>Quality Act |

